## State of Vermont v. Robert Black

[558 A.2d 959]

No. 85-539

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Martin, Supr. J. and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed September 30, 1988

Motion for Reargument Denied March 13, 1989

*Kevin G. Bradley, Chittenden County State's Attorney,* and *Erick Titrud, Deputy State's Attorney,* Burlington, for Plaintiff-Appellee.

*David W. Curtis, Defender General,* and *William A. Nelson, Appellate Defender,* Montpelier, for Defendant-Appellant.

**Martin, Supr. J.,** Specially Assigned. Defendant appeals his conviction for sexual assault on a minor, 13 V.S.A. § 3252(3), on grounds that irregularities in the presentence investigation report and the testimony of the probation officer warrant remand for resentencing. We disagree and affirm.

As requested in the Notice of Plea Agreement, the trial court ordered a presentence investigation report (PSI), following defendant's plea of nolo contendere. The Notice also stated that the attorney for the State agreed to recommend a sentence of "4 to 15 years to serve" and that "defendant may argue for less time to serve."

At the first sentencing hearing on October 22, 1985, the court heard from the defense attorney, the attorney for the State, the victim, and the probation officer who had prepared the PSI. On the strength of the probation officer's recommendation that defendant receive a sentence of 6 to 15 years to serve, the trial court rejected the plea agreement and offered defendant the opportunity to withdraw his plea. The court told defendant that his sentence would be 6 to 15 years to serve if he wished to stand on his plea of nolo contendere. At the request of counsel, the sentencing hearing was adjourned to allow counsel an opportunity to discuss this turn of events with his client.

About a month later, defendant notified the court that he wished to persist in his plea of nolo contendere. A second sentence hearing was held on November 27, 1985, at which time defendant renewed his plea of nolo contendere. The court again addressed defendant to be sure he understood his plea, adjudged him guilty, and gave him a sentence of 6 to 15 years to serve.

Defendant raises three issues in this appeal: (1) whether the plea agreement was violated when the probation officer spoke in favor of a longer sentence than that recommended by the attorney for the State, (2) whether the sentencing court erred in giving consideration to contested portions of the PSI, and (3) whether the sentencing court violated V.R.Cr.P. 32(a)(1)(A) by not addressing the defendant personally to determine whether he had been given the opportunity to read the PSI and discuss it with his attorney before the sentencing hearing.

## I.

PSI reports are ordered by the court, not by the prosecution. It is not uncommon for prosecutors and presentence investigating officers to differ on sentence recommendations. See *United States v. Januszewski*, 777 F.2d 108 (2d Cir. 1985).

But we do not reach the issue whether the plea agreement was violated by the probation officer's recommendation. Even if a violation did occur, it was cured when defendant was given an opportunity to withdraw his plea. After rejecting the plea bargain, the sentencing court followed the procedure mandated by V.R.Cr.P. 11(e)(4). The judge advised defendant of the sentence he intended to impose, and gave defendant both the opportunity to withdraw his plea and the time in which to consider his posi-

tion and discuss it with his attorney. See *Goodwin* v. *United States,* 544 F.2d 826 (5th Cir. 1977) (defendant who, prior to pleading guilty, was advised by judge of judge's intention not to provide for early parole was precluded from challenging the plea on the basis of his attorney's promise of parole). Even if the inducement for the original plea was vitiated by the court's rejection of the plea, the offer of withdrawal cured the defect. Defendant's second plea was made with full knowledge of the sentence the judge intended 'to impose, and could not therefore have been induced by the prosecution's promise to recommend the lighter minimum sentence. See *United States* v. *Holman,* 728 F.2d 809 (6th Cir. 1984) (plea to new agreement, with full understanding of possible consequences, cured defect in trial judge's initial acceptance and later improper rejection of original agreement). No error appears.

## II.

Defendant's claim that the sentencing court erred in accepting contested portions of the PSI was effectively waived as well. He failed to substantiate his objections through testimony or cross-examination at either sentencing hearing, and failed to exercise his right to withdraw his plea. Notwithstanding the fact that the court advised defendant that it intended to sentence him to a 6 to 15 year term, defendant, at the second hearing, renewed his plea of nolo contendere. He was given ample opportunity to change his plea, to cross-examine the witnesses offered at the sentencing hearing, and to produce evidence to contradict information presented in the PSI. This he did not do. See *United States* v. *Yater,* 756 F.2d 1058 (5th Cir.), *cert. denied,* 474 U.S. 901 (1985) (defendant who chose not to withdraw guilty plea waived his right to assert an entrapment defense on appeal); *Lindner* v. *Wyrick,* 644 F.2d 724 (8th Cir.), *cert. denied,* 454 U.S. 872 (1981) (trial court asked defendant whether he understood that the court was not obligated to follow the State's recommendation). A defendant who is given the opportunity to change his plea, and declines, is not coerced. *Watkins* v. *Solem,* 437 F. Supp. 824 (D.S.D. 1977), *aff'd,* 571 F.2d 435 (1978). No basis for a reversal has been presented here.

## III.

Finally, we find no merit in defendant's argument that the sentencing court failed to comply with V.R.Cr.P. 32(a)(1)(A) by asking only defendant's attorney, rather than defendant, whether he had read the PSI and whether he had discussed it with his client. V.R.Cr.P. 32(a)(1)(A) only requires the court to determine that "the defendant and his counsel have had the opportunity to read and discuss" the PSI. The court may make this determination from the statements of defendant's attorney as well as from those of defendant, and did so in this case. Rather, it is Rule 32(a)(1)(C) which requires the court to address the defendant personally and to inquire whether he wishes to speak in his own behalf and to present information to the court relevant to sentencing. This the court did also, at both sentencing hearings. We can find no error in the sentencing court's procedure under Rule 32.

*Affirmed.*