# State of Vermont v. Gregory J. Gabert

[564 A.2d 1356]

No. 87-543

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed June 30, 1989

*Jeffrey L. Amestoy*, Attorney General, and *David E. Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant, Gregory J. Gabert, was convicted of five felonies upon his pleas of nolo contendere and was sentenced to an aggregate term of twenty-two to fifty years to serve in prison.[1] He appeals, claiming errors at the plea and sentencing hearings. We affirm.

## I.

## V.R.Cr.P. 11(c)

V.R.Cr.P. 11(c) provides in part:

> The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

---

[1] The convictions, dates of offense and sentences follow:

| | | |
|---|---|---|
| Sexual Assault (13 V.S.A. § 3252(1)(C)) | February 10, 1987 | 16 to 20 years |
| Aggravated Assault (13 V.S.A. § 1024(a)(1)) | February 10, 1987 | 5 to 15 years |
| Sexual Assault (13 V.S.A. § 3252(1)(A)) | September 29, 1986 | 4 to 15 years |
| Assault & Robbery (13 V.S.A. § 608(b)) | September 28, 1986 | 2 to 10 years |
| Lewd & Lascivious Conduct (13 V.S.A. § 2601) | April–May, 1986 | 0 to 5 years |

The sentences are consecutive. The aggravated assault sentence was suspended. In addition, defendant was sentenced for two burglaries (13 V.S.A. § 1201(a)), for which defendant had previously received deferred sentences, to serve three to five years each to run concurrent with the consecutive sentences. Every one of these convictions involved a different victim.

(1) the nature of the charge to which the plea is offered ....

As stated in *In re Kasper*, 145 Vt. 117, 120, 483 A.2d 608, 610 (1984), "[t]he record must reveal that the elements of each offense were explained to the defendant ...."

Defendant contends that three of the crimes—lewd and lascivious conduct, assault and robbery, and sexual assault—include an implied element of criminal intent that was not explained to him by the court during the plea hearing. When describing these offenses, the court read the elements to the defendant from the charging documents.

## A.

The court explained the lewd and lascivious charge as follows:

> that at Williston, Vermont, sometime in April or May of 1986, you were a person who engaged in open and gross lewdness and lascivious behavior by grabbing S.S. in the vaginal area, by grabbing S.S. in the breast area and attempting to get on top of S.S.

Defendant stated that he understood the charge but finds fault in the court's failure to explain that the crime involves acts intentionally done "'with a view to excite unchaste feelings and passions.'" *State v. Purvis*, 146 Vt. 441, 443, 505 A.2d 1205, 1207 (1985) (quoting *State v. Millard*, 18 Vt. 574, 577 (1846)).

While it may be true that the crime of lewd and lascivious behavior must involve some sort of sexual motivation, under the circumstances here further inquiry about intent was unnecessary. The alleged acts could hardly give rise to an equivocal motivation, such as would arise, for instance, if a person lay on top of another in order to smother a fire in her clothing. Asking the defendant whether he understood that his actions in grabbing her vaginal area and breasts had a sexual connotation was not necessary. Under these circumstances, the court's explanation of "the nature of the charge" was sufficient for Rule 11 purposes. See *State v. Giroux*, 151 Vt. 361, 365, 561 A.2d 403, 406 (1989) (omission of wrongful intent element from information and jury charge on sexual

assault held *not* plain error where lack of intent was not part of defense theory); see also *In re Hall,* 143 Vt. 590, 596, 469 A.2d 756, 759 (1983) ("Technical or formal violations [of V.R.Cr.P. 11] will not release a defendant from his guilty plea unless there is a showing of prejudice to the defendant.").[2]

### B.

Defendant pled to a charge of sexual assault under 13 V.S.A. § 3252(1)(C), which provides in pertinent part:

> A person who engages in a sexual act with another person and [c]ompels the other person to participate in a sexual act [b]y placing the other person in fear that any person will be harmed imminently ... shall be imprisoned
> ....

The court explained the crime to defendant as follows:

> The [next crime] ... is a sexual assault ... which alleges that on February 10th, 1987 at Williston, you were then and there a person who engaged in a sexual act with another person, R.D., .... Said sexual act consisting of the contact of R.D. and the penis of Gregory Gabert, yourself, and compelled [her] to participate in the sexual act by placing her in fear that she would be harmed intentionally [sic] ....[3]

The affidavit of probable cause described this offense in such lurid detail as to leave no doubt but that the victim was repeatedly raped. There is no room to interpret the acts as accidental rather than intentional.

Defendant also pled to another sexual assault, under 13 V.S.A. § 3252(1)(A), which prohibits "a sexual act with another person [w]ithout the consent of the other person." The court explained to defendant:

---

[2] Defendant argues that *Hall* and its progeny (see, e.g., *In re Kivela,* 145 Vt. 454, 494 A.2d 126 (1985); *In re Bentley,* 144 Vt. 404, 477 A.2d 980 (1984)) are inapposite because they involve post-conviction review rather than direct appeal, as here. We reject this view. Vermont Rule of Criminal Procedure 52(a), which requires this Court to disregard errors not affecting substantial rights, is applicable in a direct appeal raising Rule 11 violations.

[3] "Intentionally" should have been "imminently." This error was *not* objected to and, in our view, was harmless.

the sexual assault charge involving [M.S.] as the alleged victim ... alleges that at Burlington on September 29th, 1986, you were then and there a person who engaged in a sexual act with another person, M.S., ... such act consisting of contact between the vulva of M.S. and the penis of Gregory Gabert, that being yourself. And that you compelled M.S. to participate in this sexual act without her consent.

Again, the affidavit of probable cause described a forcible rape outside a dormitory. As to both charges of sexual assault, defendant said he understood the charges.

■ As with the charge of lewd and lascivious conduct, there was no ambiguity about these offenses. Lack of wrongful intent would not have been a plausible defense. See *State v. Giroux*, 151 Vt. at 365, 561 A.2d at 406. That defendant knew the women were forced to have sex with him against their wills was manifest from defendant's behavior and their reactions. It is simply not believable that defendant's plea was in any way affected by the judge's failure to mention an intent element. Therefore, even if sexual assault requires an element of mens rea—an issue we do not decide—no substantive violation of Rule 11 appears from this record. See *In re Hall*, 143 Vt. at 596, 469 A.2d at 759.

## C.

The court explained the assault and robbery charge to the defendant as follows:

That on September 28, 1986 at Burlington, you were then and there a person who, being armed with a dangerous weapon, a knife, assaulted another, the other person being [S.G.], and took from her person property which may be the subject of larceny. That property being a purse and wallet.

As with the other offenses, defendant asserted that he understood the charge.

■ As we recently held, the crime of assault and robbery, 13 V.S.A. § 608, involves an implied element of an intent permanently to deprive the owner of the property taken. *State v. Francis*, 151 Vt. 296, 307–08, 561 A.2d 392, 399 (1989).

However, the omission of the implied element from the charge is generally not plain error. See *id.* at 308, 561 A.2d at 399 (omission of intent element from information and jury instructions on assault and robbery not plain error); *State v. Roy,* 151 Vt. 17, 29, 557 A.2d 884, 891–92 (1989).

■ Indeed, it would be hypertechnical to insist that courts explain an implicit mental element that is established by inferences drawn from the acts of the defendant, especially when the defendant's acts do not lead to equivocal inferences of his mental state. See *State v. Francis,* 151 Vt. at 309–10, 561 A.2d at 399–400 (on motion for reargument) (no plain error in failure of information to specify type of assault involved in assault and robbery where alleged crime—that defendant hit the victim from behind and took his wallet—was unambiguous). The failure to elucidate the intent element of assault and robbery in these circumstances does not warrant our setting aside defendant's plea.

## D.

Defendant relies on *McCarthy v. United States,* 394 U.S. 459 (1969), where the United States Supreme Court, exercising its supervisory power over the lower federal courts, set aside a guilty plea because the district judge failed to determine pursuant to Federal Rule 11[4] that defendant understood the nature of the charge.[5] The Court held that "a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." *Id.* at 463–64. A guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Id.* at 466.

In the case at bar, however, we find that the trial court did comply with V.R.Cr.P. 11 in that the court did address the defendant personally and determine that he understood "the nature of the charge to which the plea [was] offered." The alleged error is only that the court failed to elucidate an

---

[4] Rule 11 of the Federal Rules of Criminal Procedure parallels in relevant respects the Vermont rule.

[5] The judge did ask whether defendant understood the consequences of his plea, and whether it was entered of his own volition, to both of which defendant answered yes.

*implied* element of the offenses charged. Our holding is that this omission did not constitute a failure to determine that defendant understood the nature of the offenses—it is evident that defendant understood quite well what he was charged with, and the alleged facts belie an innocent intent under the circumstances of this case. In marked contrast, the Court in *McCarthy* noted:

> Petitioner, who was 65 years old and in poor health at the time he entered his plea, had been suffering from a serious drinking problem during the time he allegedly evaded his taxes. He pleaded guilty to a crime that requires a "knowing and willful" attempt to defraud the Government of its tax money; yet, throughout his sentencing hearing, he and his counsel insisted that his acts were merely "neglectful," "inadvertent," and committed without "any disposition to deprive the United States of its due." Remarks of this nature cast considerable doubt on the Government's assertion that petitioner pleaded guilty with full awareness of the nature of the charge.

*Id.* at 470 (footnote omitted). We therefore are not persuaded that the analysis in *McCarthy* controls the case at bar.[6]

Defendant's reliance on *Henderson v. Morgan*, 426 U.S. 637 (1976), is similarly misplaced. In that case, the defendant pled guilty to second-degree murder. The Court found the plea flawed because neither defense counsel nor the trial court explained that an intent to cause the death of his victim was an element of second-degree murder. *Id.* at 642–46. Noting that the facts raised the possibility that the homicide was manslaughter, the Court held that the error could not be deemed harmless. *Id.* at 647.[7] In the case at bar, again, the facts do *not* allow for the possibility that the offenses were

---

[6] *McCarthy* did not, in any event, specify precisely how the court was to conduct its inquiry of defendant. In a footnote, the Supreme Court stated:

> The nature of the inquiry required by Rule 11 must necessarily vary from case to case, and, therefore, we do not establish any general guidelines other than those expressed in the Rule itself.... In all such inquiries, "[m]atters of reality, and not mere ritual, should be controlling." *Kennedy v. United States*, 397 F. 2d 16, 17 (C. A. 6th Cir. 1968).

394 U.S. at 467–68 n.20. In our view, defendant's claim elevates "mere ritual" over reality.

[7] Footnote 18 of the Court's opinion is noteworthy:

> There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element

committed without a culpable state of mind. This difference is critical to our disposition of the case.

## II.
### V.R.Cr.P. 32

V.R.Cr.P. 32(a)(1) provides in relevant part:

> Before imposing sentence the court shall:
> (A) determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report ....

The sentencing hearing in this case opened as follows:

> THE COURT: This is State versus Gregory Gabert and we're here this afternoon for sentencing. Mr. Gabert, how are you today?
>
> THE DEFENDANT: Fine.
>
> THE COURT: Are the parties ready to proceed?
>
> MR. BRADLEY [the state's attorney]: Yes, Judge.
>
> THE COURT: Both parties have reviewed the presentence investigation?
>
> MR. ALLEN [defense counsel]: Yes, Judge.

Defendant claims the rule was violated because the court failed to determine, by asking the defendant, whether he had "had the opportunity to read and discuss [with his counsel] the presentence investigation report [PSI]." Defendant insists that it is not enough to have counsel speak for the defendant on the review of the PSI.

■ While it may lend more certainty to the determination to ask the defendant about his review of the PSI, we do not find reversible error in the procedure used here. See *State v. Black*, 151 Vt. 253, 256, 558 A.2d 959, 960–61 (1988). The term "parties" includes the State and the defendant. Nothing in the record suggests that defendant did not review and discuss the PSI with counsel or that he objected to any portion of it. We can discern no reason to distrust defense counsel's answer.

---

of the offense; we assume it does not. Nevertheless, intent is such a critical element of the offense of second-degree murder that notice of that element is required.

426 U.S. at 647 n.18.

Absent evidence to the contrary, we may rightly infer that counsel in this case reviewed the PSI with defendant.[8]

*Affirmed.*

---

[8] Defendant's final point regarding the trial court's advice that he could take a limited appeal is rendered moot by our decision in *State v. Thompson*, 150 Vt. 640, 641, 556 A.2d 95, 96 (1989) (appeal permitted from a conviction based on a plea).