## State of Vermont v. Darrell L. Clark

[566 A.2d 1346]

No. 87-406

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed August 25, 1989

*Howard VanBenthuysen*, Franklin County State's Attorney, St. Albans, and *Robert W. Katims*, Law Clerk, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Michael Rose*, St. Albans, for Defendant-Appellant.

**Morse, J.** As a result of a plea agreement, defendant pled nolo contendere to charges of attempted assault and robbery, 13 V.S.A. § 608(c), and grand larceny, 13 V.S.A. § 2501. The issues on appeal are whether the State violated the plea agreement and whether defendant's pleas were voluntary. We affirm.

Defendant was charged with attempted assault and robbery, aggravated assault, assault and robbery, and grand larceny for beating and robbing two elderly brothers at their home in Montgomery, Vermont, on January 31, 1986. On September 12, 1986, after plea negotiations proved successful, defendant agreed to plead to two charges in return for dismissal of the remaining ones and the State's recommendation that defendant be sentenced to concurrent prison terms of two years eight months minimum to eight years maximum. The trial court accepted the pleas and ordered a presentence investigation.

About ten months later, on July 23, 1987, a sentencing hearing was held before a judge who had not previously participated in the case. After reviewing the file and hearing three witnesses, two of whom were the victims, and the arguments of counsel, the court rejected the plea agreement. The court indicated that it would sentence defendant to five

to ten years. Although free to do so, defendant decided not to withdraw his pleas and was accordingly sentenced to five to ten years to serve.

Defendant claims that the State violated the plea agreement by questioning the victims of the crime and eliciting their opinion that defendant should be sentenced to ten years (two more years than the maximum called for by the agreement). The argument is that the State sought to undermine its own recommendation by bringing forth the victims' recommendation that the sentence be longer.

Section 7006 of Title 13 provides in relevant part:

> (a) The victim of a crime ... has the following rights in any sentencing proceedings concerning the person convicted of that crime: ... to appear, personally, to express reasonably his or her views concerning the crime, the person convicted, and the need for restitution.
>
> . . . .
>
> (c) In imposing sentence, the court shall consider any statements made by a victim ....

While there is a potential conflict between the prosecutor's obligations to respect a plea agreement and the mandate of § 7006 and there may be occasions when a prosecutor ostensibly advocates one position while fostering another sub rosa, in this case the State upheld its part of the plea bargain. The prosecutor did not abandon the initial recommendation. In questioning the victims in accordance with § 7006, he did not insinuate that his own position on sentencing had changed. Following the witnesses' testimony, he gave a firm and articulate justification for the recommended sentence.*

---

* As stated by the state's attorney in support of his position:

We are asking the Court to accept this plea agreement. We think it fulfills at least the three of the four purposes of sentencing. Provides for a punitive sentence of some length. In fact, what is called for is two years and eight months to eight years. It provides an opportunity for Mr. Clark to be rehabilitated to some extent. We know that Mr. Clark has some job skills. He is a mason and carpenter, and this plea agreement would certainly get him out and back into the work world where he could support his family while still keeping hanging over his head a rather substantial length of parole time.

■ In any event, defendant was entitled to no more relief than was afforded, even had a breach of the plea agreement occurred. The trial court offered to permit defendant to withdraw his pleas. See *State v. Black*, 151 Vt. 253, 254, 558 A.2d 959, 960 (1988) ("Even if a violation did occur, it was cured when defendant was given an opportunity to withdraw his plea.").

■ Following an indication from defense counsel that defendant was willing to accept a five-to-ten year sentence, the court inquired of defendant:

Judge Mahady: You do understand, Mr. Clark, you have an absolute right to withdraw your pleas at this point?

Mr. Clark: I don't see how I have any right ... to withdraw my plea because there's no chance of having a fair trial at this late date. There's just no chance. So I'm just going to have to accept the 5 to 10.

Judge Mahady: Very well. But you do understand you do have that right to withdraw your pleas?

Mr. Clark: In theory, yeah.

---

The Court: As I read the file, Mr. Clark would be entitled to credit for time served since March 11 of '86. Is my reading of the file, correct?

Mr. VanBenthuysen: That's right, your Honor. The minimum release date Mr. Hadden and I agree would be somewhere in March of '88 based on the sentence that's agreed to if the plea agreement is accepted. We think that the plea agreement serves the purposes of incapacitation to a certain extent, because it certainly calls for his removal from the community for that two year some odd period during which time he can reflect on this; and we would hope that a period of incarceration for this kind of crime would also deter others from committing these crimes. And we would hope that an eight year underlying would also provide some deterrence both to others contemplating such crimes and in fact provide an incentive to Mr. Clark to make sure that his conduct conforms to the law.

The plea agreement we think accomplishes another goal. In light of Mr. Clark's record, it would add additional felony convictions to his record which should provide an incentive to him further above and beyond the parole period to conform his conduct to the law, since we're sure he is aware as one accumulates convictions of this nature the sentence exacted by the courts increases drastically. So in light of good work references contained in the PSI, the work history and history of supporting his family, the fact that he has skills and the fact that the plea agreement does call for some punishment, some incapacitation and hopefully will provide some deterrence, we would ask the Court to accept the plea agreement.

| Judge Mahady: | Very well. And you wish to stand on your pleas today? |
| Mr. Clark: | Excuse me? |
| Judge Mahady: | You wish to stand on your pleas today? |
| Mr. Clark: | Yeah, I'll accept it. |

Defendant may have been disappointed about a sentence longer than the one in the original agreement, but there is no evidence in the record that his willingness to stand by his pleas was involuntary or uninformed. The record of the initial plea hearing establishes that defendant understood "the full array of legal consequences that attach to a guilty plea." *In re Hall,* 143 Vt. 590, 595, 469 A.2d 756, 758 (1983). The court very carefully explained the elements of the charged offenses, defendant's rights to have a jury trial, to present his own witnesses and confront the State's, and to testify himself, as well as the punishments he faced under the agreement. Defendant repeatedly emphasized he understood and was giving up his rights voluntarily. The full extent of this colloquy did not require repetition at the subsequent hearing where defendant merely stood by his earlier plea.

*Affirmed.*