*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-078

JANUARY TERM, 2016

| | |
|---|---|
| In re Allen Rheaume | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 576-12-13 Frcv |
| | |
| | Trial Judge: A. Gregory Rainville |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals from the denial of his petition for post-conviction relief (PCR). He argues that his guilty plea to lewd and lascivious conduct was not made in compliance with Vermont Rule of Criminal Procedure 11(f). We affirm.

In 2004, petitioner was charged with exposing and fondling his penis in the presence of B.H., who was thirteen years old at the time. He pled guilty to lewd and lascivious conduct in June 2004. In December 2013, petitioner filed a PCR petition alleging that the colloquy was defective because he never admitted the factual basis of the charge as required by Rule 11(f). The parties filed cross-motions for summary judgment on this issue, and the court granted summary judgment to the State.

Petitioner's plea colloquy included the following exchange:

> COURT: Now in this case, the State would have to prove . . . that you engaged in this open and gross lewdness. In other words, that in a public place and in the presence of B.H., you exposed your penis and you fondled it. And this was with the intent of engaging in a gross and open lewd and lascivious act. In other words, this wasn't done just to urinate or to relieve yourself, this was done to appeal to your—the intent of appealing or—to your own sexual desires or arousing your own sexual desires. Do you understand what the State would have to prove in this case?
>
> [PETITIONER]: Yes I do.
>
> . . .
>
> COURT: All right then. Do you admit that on March 17th of this year that you exposed and fondled your penis in the presence of B.H.?

[PETITIONER]: Yes

. . .

COURT:  And was . . . this done to somehow create some sexual excitement for yourself?

[PETITIONER]: It was a blackout from drinking.

COURT: Pardon me?

[PETITIONER]:  A blackout from drinking.

[Petitioner's counsel at the time]: He actually doesn't really remember this, and he was intoxicated at the time, Your Honor.

COURT: Okay.  But do you believe what the . . . State's evidence shows?  Do you believe it happened that way?

[PETITIONER]: Yeah, I believe it.

COURT: And do you think the jury could find that you intended this as a lewd act?

[PETITIONER]: I believe it, yes.  Yes, your Honor.  I believe it.

As the PCR court explained, the charge at issue included elements of "open and gross lewdness and lascivious behavior," 13 V.S.A. § 2601, as well as general intent.  State v. Maunsell, 170 Vt. 543, 544 (1999).  Petitioner appeared to argue that because the change-of-plea court did not receive a confirmation from him of a specific intent to "create some sexual excitement," it failed to meet the standard of Rule 11(f).  The court rejected this argument.  It concluded that when the change-of-plea court asked petitioner if he thought that a jury could find that he intended the act to be lewd, it substantially complied with Rule 11 by inquiring about the general intent element of the charge.  Even assuming arguendo that, by claiming he was blacked out, petitioner did not admit to committing the acts required for the charge, the court found the change-of-plea tantamount to an Alford plea, in which "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 37 (1970).  The court found nothing in the record to indicate that petitioner did not make a voluntary and intelligent decision in pleading guilty to lewd and lascivious conduct.  The court thus granted summary judgment to the State.  This appeal followed.

Petitioner argues that the court erred in finding that there was a factual basis for his guilty plea.  He asserts that the court adequately inquired into the factual basis of a "lewd" act, but failed to inquire into the factual basis of a "lascivious" act.  Petitioner maintains that "lewd" and "lascivious" are distinct elements of the crime, and the PCR court erroneously found that inquiring into the intention to commit a lewd act was sufficient to meet the requirements of Rule 11(f).  According to petitioner, if the case had gone to trial, the jury would have received an instruction that "the last essential element, lewd and lascivious, means that [the defendant's]

2

conduct was lustful, indecent, or sexual behavior that offends current morality in Vermont." He argues that the jury would have been further instructed that "lewdness" means "gross and wanton indecency in sexual relations" while lascivious means "tending to excite lust." Petitioner contends that the lascivious nature of his acts cannot be inferred as in State v. Gabert, 152 Vt. 83 (1989). Finally, petitioner asserts that the court was wrong to find that he entered into the equivalent of an Alford plea.

On review, we apply the same standard as the trial court. "Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgement as a matter of law." In re Hemingway, 2014 VT 42, ¶ 7, 97 A.3d 896 (citing V.R.C.P. 56(a)). We conclude that summary judgment was properly granted to the State here.

As the trial court recognized, the purpose of a PCR is to "correct fundamental errors in the judicial process," and petitioner "has the burden of proving that fundamental errors rendered his conviction defective." Id. (quotation omitted). Rule 11(f) states that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." This rule "is intended to prevent the entry of false guilty pleas." In re Stocks, 2014 VT 27, ¶ 12 (quotation omitted). We have held that the court must question a defendant personally about the factual basis for the plea. See id. ¶ 15. We have made clear, however, that Rule 11(f) does "not require a particular formula for determining that there is a factual basis for the plea." Id. ¶ 15. We indicated in Stocks that Rule 11(f) will be satisfied if a defendant has been asked if the State could prove the underlying facts. Id. ¶ 17.

The change-of-plea court complied with Rule 11(f) here. As set forth above, the change-of-plea court described the charge, asking if petitioner admitted to exposing and fondling his penis in B.H.'s presence. Petitioner admitted to having done so, but could not say for certain—due to a "blackout from drinking"—if he had done so "to somehow create some sexual excitement for himself." The change-of-plea court then asked if petitioner believed what the State's evidence showed, and whether a jury could find that he "intended this as a lewd act." Petitioner responded affirmatively to both questions. The change-of-plea court stated to the parties that it had also relied on the affidavit of probable cause, encompassed in the "State's evidence" referenced above, in determining that petitioner's plea had a factual basis. That affidavit describes petitioner's alleged actions in detail, including B.H.'s description of petitioner pushing his way into her home, trying to touch her on the neck and breast, and then sitting on the couch rubbing his exposed penis while he touched her and another minor. The other minor corroborated B.H.'s statements and she also described vulgar comments that petitioner made to her, stated that he grabbed her butt, and when she told him no, the minor indicated that petitioner went to the couch, unzipped his pants, and exposed his private parts to her. All of this information, taken together, was sufficient to support the change-of-plea court's finding that there was a factual basis for petitioner's plea.

Contrary to petitioner's argument, the court had sufficient facts to find that petitioner's act was lewd and lascivious. We considered a similar issue in State v. Gabert, 152 Vt. 83 (1989). In that case, the defendant pled nolo contendere to numerous crimes, including lewd and lascivious conduct for grabbing a woman in the vaginal area and breast area, and trying to get on top of her. The defendant argued that, although he understood the charge against him, the court failed to explain to him that the crime involved acts intentionally done "with a view to excite unchaste feelings and passions." Id. at 85 (quotation omitted). We found that, under the

3

circumstances, further inquiry was unnecessary. As we explained, "[t]he alleged acts could hardly give rise to an equivocal motivation," and "[a]sking the defendant whether he understood that his actions . . . had a sexual connotation was not necessary." Id. The same is true here.

Petitioner contends that Gabert is distinguishable because the defendant there entered a nolo contendere plea rather than a guilty plea, and because the defendant there did not claim to have been blacked out during the incident. We find these arguments unpersuasive. Our analysis in Gabert did not turn on the type of plea being made. See id.; see also V.R.Cr.P. 11(b) (noting that nolo contendere plea "shall have the same effect as a plea of guilty, except that it shall be admissible in evidence against the defendant in any criminal or civil proceeding only to the extent provided in [V.R.Cr.P. 11(e)(5)]"). The fact that petitioner claimed to have been blacked-out during the incident does not undermine his admission that he believed that the incident occurred as described in the State's evidence. [(COURT: Okay. But do you believe what the . . . State's evidence shows? Do you believe it happened that way? [PETITIONER]: Yeah, I believe it.)]. As in Gabert, no further inquiry regarding intent was necessary under the circumstances here.

We note, moreover, that after the change-of-plea court had accepted petitioner's guilty plea, his then-counsel stated to the court that although petitioner was intoxicated at the time of the offense and consistently said that he did not remember the events in question, counsel and petitioner had gone over what the State's evidence would be, taken depositions, and reviewed the witness's statements, and based on this review of the evidence, petitioner was willing to accept the plea agreement. As we emphasized in Stocks, "[t]he 'factual basis' requirement [of Rule 11] reinforces the goal of ensuring knowing and voluntary pleas," id. ¶ 13, and the undisputed evidence shows that petitioner's plea was knowing and voluntary here.

Given our conclusion, we need not address the PCR court's hypothetical concerning an Alford plea.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

4