# In Re James Southard

[217 A 2d 49]

December Term, 1965

Present: **Holden, C. J., Shangraw, Barney and Keyser, JJ. and O'Brien, Supr. J.**

Opinion Filed February 1, 1966

*Parker, Ainsworth & Richards* for petitioner.

*J. Thomas Moore, State's Attorney,* for the state.

**Shangraw, J.** The petitioner brought his petition for a writ of habeas corpus before the Windsor County Court. Following a hearing by the court, findings of fact were made and an order issued dismissing the petition. The petitioner has appealed to this Court for a review of the action of the trial court.

The history of this matter, as revealed by the findings of fact is as follows: On March 4, 1964, the petitioner was arraigned in the Brattleboro Municipal Court on a charge of breaking and entering in the nighttime, and on a further charge of robbery. Bail was fixed on the two charges and the petitioner was committed to the county jail at Newfane.

On March 6, 1964, Timothy J. O'Connor, Esq., was appointed counsel for the petitioner and a plea of not guilty was made in the municipal court to both charges. On March 13, 1964, the petitioner was again in the municipal court at which time he changed his pleas from not guilty to those of not guilty by reason of insanity.

On March 17, 1964, Mr. Southard was transferred from the county jail at Newfane to the Vermont State Hospital for observation. He remained in the hospital under observation until April 9, 1964, at which time he was returned to the county jail at Newfane. While no evidence was introduced as to the result of the petitioner's examination at the Vermont State Hospital, subsequent proceedings would indicate that he was found to be sane.

On April 10, 1964, the petitioner was again brought before the Brattleboro Municipal Court, at which time he conferred at length with his attorneys, Mr. O'Connor and Mr. Edward John, a law partner of Mr. O'Connor, concerning the disposition of the two charges pending against him. The cases were continued to April 13, 1964.

On April 13, 1964, the petitioner again appeared in the Municipal court with his attorney, Timothy J. O'Connor, and advised the court that he would stand on his previous pleas of not guilty by reason of insanity.

On April 22, 1964, the petitioner again appeared in the municipal court with attorney Edward John. At this time petitioner withdrew his plea of not guilty to the charges of burglary in the nighttime, and robbery, and through his attorney entered a plea of guilty to each charge. The court imposed a sentence of not less than two years nor more than four years on the charge of burglary in the nighttime, and a sentence of not less than three years nor more than seven years on the charge of robbery. The record reveals that the sentences were to run concurrently.

The findings indicate that the petitioner had previously appeared as a respondent on several occasions in other jurisdictions. It appears that he was not unfamiliar with criminal proceedings at the time of this arraignment.

It is the contention of the petitioner that he did not acquiesce to the pleas of guilty entered on his behalf by attorney John, nor was he allowed an opportunity to speak on his own behalf at the time such pleas were made. In substance, it is argued that such pleas entered by his attorney, and not by petitioner personally, are of no effect.

Petitioner calls attention to 13 V.S.A. §7002, which reads:

"A person shall not be punished for an offense unless by confession of his guilt in open court, or by admitting the truth of the charge against him by his plea or demurrer, or by the verdict of a jury accepted by the court and recorded, or by the judgment of a justice or municipal court when the respondent waives trial by jury."

In construing the above statutory provision the petitioner contends that there is no provision for a confession of guilt in open court by another, be it an attorney or otherwise.

In further support of his claim that one accused of a criminal offense has a right to be personally heard on the critical matter of his own guilt, the petitioner refers to Article 10th of Chapter I of the Vermont Constitution which in part reads:

> "That in all prosecution for criminal offenses, a person hath a right to be heard by himself and his counsel; . . . ."

It is the contention of the State that the provisions of the Vermont Statutes, and that of the Vermont Constitution, referred to by the petitioner, do not make it mandatory that if an accused wishes to plead guilty he must do so in person. We subscribe to this view.

At common law the accused was required to plead in person. 21 Am. Jur. 2d Criminal Law, §459. In the case of *United States* v. *Frank J. Denniston,* 89 F.2d 696, the court failed to subscribe to the rigidity of the common law procedure with the following comments:

> "The reason for it has disappeared with the acceptance and use of modern methods which preserve the substance of all the rights of an accused person without so much sacrifice of the rights of the public before the altar of mere form. If an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, nothing but a slavish adherence to archaism could underlie a holding that the plea was void. When the essential presence of an accused in the court having jurisdiction is a fulfilled condition, there is no express requirement in the federal law that in pleading to an indictment he must actually speak for himself or remain mute in order that a valid plea may be entered." Citing *Garland* v. *State of Washington,* 232 U.S. 642, 34 S. Ct. 456, 58 L. Ed. 772.

It is our view that neither 13 V.S.A. §7002, nor Article 10 of Chapter I of the Vermont Constitution, make it mandatory that a plea of guilty must be made personally by an accused. This presents the remaining issue as to whether or not petitioner acquiesced in the plea of guilty made in his presence by attorney John. No question is made by petitioner as to the competency of Mr. John.

It is obvious, of course, that an attorney cannot enter a plea

of guilty for his client, in his presence, without consulting him, without his consent and against his wishes. 14 Am. Jur. Criminal Law, §259; 21 Am. Jur. 2d Criminal Law, § 459. Where the accused is present and indicates his approval or acquiescense to a plea of guilty made by his attorney, he must accept the consequences of such a plea. *United States* v. *Denniston*, supra.

The record clearly demonstrates that at the time pleas of guilty were made on his behalf and by his counsel, the petitioner was present in court; that he knew what was being done; that he consented to, and by his silence acquiesced in the pleas of guilty then entered for him by his attorney. The court so found. Indeed there is no evidence to the contrary. Such pleas had the same force and effect as though he had spoken himself in the words of his attorney. He had timely opportunity to object to, and disaffirm the action taken by his attorney. This, he failed to do. We perceive no reason, under the facts in the case, why the petitioner should not accept the consequences of the pleas of guilty made by competent counsel. The prison doors cannot be opened for his release on the grounds asserted.

*Judgment of the lower court dismissing the petition is affirmed.*