### State of Vermont v. Edward M. Battick

[349 A.2d 221]

No. 207-73

Present: Barney, C.J., Smith, Daley and Billings, JJ. and Costello, C.D.J., Specially Assigned

Opinion Filed December 2, 1975

*M. Jerome Diamond*, Attorney General, *Raymond L. Betts, Jr.*, Assistant Attorney General, Montpelier and *Raymond G. Bolton*, Bennington County State's Attorney, Bennington, for the State.

*Robert Edward West*, Defender General and *Robert M. Paolini*, Deputy Defender General, Montpelier, for Defendant.

Billings, J. The defendant, on December 12, 1972, was indicted for first-degree murder in connection with the homicide of Chief of Police Dana Thompson of Manchester, Vermont, which occurred while the defendant was perpetrating a burglary. Trial commenced, and after witnesses for the prosecution had testified, the defendant, as a result of a plea bargain, entered a plea of guilty to first-degree murder. The trial court, pursuant to 13 V.S.A. § 2302, then held a hearing and made findings of fact determining that the defendant was guilty of murder in the first degree. The defendant was sentenced to life imprisonment. The cause is now before us as an appeal as of right pursuant to 13 V.S.A. § 7401; V.R.A.P. 3.

The defendant now claims error in that he was not advised that one of the consequences of a plea of guilty is ineligibility for parole after receiving a sentence of life imprisonment. Secondly, he claims error when, in determining the degree of murder, the trial court failed to make a specific finding of malice.

28 V.S.A. § 501 speaks directly to parole eligibility in connection with all sentences:

(a) After an inmate has served the minimum term of his sentence, if any minimum has been established less any reduction for good behavior which have been computed in accordance with section 811 of this title, he shall be re-

leased on parole by the written order of the parole board if the board determines there is a reasonable probability that the inmate can be released without detriment to the community or to himself.

(b) If no minimum term has been established, the board shall review the eligibility of an inmate for parole at such time as it may establish through the issuance of its rules and regulations.

There is no minimum term to a life sentence, but the statute covers the defendant who is sentenced to life. This interpretation is further supported by a reading of 28 V.S.A. § 506(a), which provides:

Supervision of a parolee serving a life sentence may be terminated only after fifteen years measured from the date of first confinement.

It is clear that a defendant pleading guilty to first-degree murder is not prohibited from parole eligibility.

■ The sentencing judge in the instant case specifically advised the defendant that the sentence of life imprisonment was mandated and, even assuming that the defendant's contention of parole ineligibility is correct, with which we do not agree, the defendant was fully advised and had a full understanding of the consequences of his plea. *In re Dussault,* 128 Vt. 135, 259 A.2d 776 (1969). A plea of guilty is conclusive and binding if voluntarily made after proper advice with a full understanding of its consequences. *State* v. *Kalis,* 127 Vt. 311, 248 A.2d 721 (1968) ; *In re Garceau,* 125 Vt. 185, 212 A.2d 633 (1965). We find no error on the part of the trial court in connection with the sentencing of the defendant.

■ The degrees of murder in Vermont are defined as follows:

Murder committed by means of poison, or by lying in wait, or by willful, deliberate, and pre-meditated killing or committed in perpetrating or attempting to perpetrate arson, rape, robbery, or burglary shall be murder in the first degree. All other kinds of murder shall be murder in the second degree. 13 V.S.A. § 2301.

Under the common law definition of murder, malice is an essential element, and in order to constitute murder in the first degree, the act and deed must indeed be done with malice aforethought, and malice can be either actual or constructive. *State* v. *Blair*, 53 Vt. 24 (1880) ; *State* v. *Tatro*, 50 Vt. 483 (1875). Regardless of the degree of murder, malice is an essential element thereof.

In the case at bar, the defendant voluntarily and knowingly pled guilty to murder in the first degree and thereby admitted committing the act willfully, maliciously, and deliberately. Pursuant to 13 V.S.A. § 2302, the only remaining matter before the trial court before sentence was to determine the degree of murder; for that determination, the only issue to be decided by the court is whether the act was first-degree or second-degree murder, depending on the presence of premeditation. There was no need for the trial court to make a specific finding of malice after the plea of guilty.

Not only did the trial court find that the crime was committed in perpetrating a felony, which, according to statutory definition, is murder in the first degree without the necessity of any finding of premeditation, but also the trial court went further and made a finding of premeditation. It found from all of the evidence that the defendant at the time of the plea was legally sane and not under the influence of drugs or intoxicating liquor to such a degree that would preclude the formation of a specific intent. The felony murder rule operates as a conclusive presumption automatically imputing the necessary elements of first-degree murder. We find no error in the trial court's findings concerning the degree of murder here.

*Judgment affirmed.*