## In re Charles S. Finnigan, Jr.

[388 A.2d 28]

No. 14-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 7, 1978

*William H. Sorrell,* Chittenden County State's Attorney, *Alan B. Coulman,* Deputy State's Attorney, and *Michael Goldsmith,* Deputy State's Attorney (On the Brief), Burlington, for Plaintiff.

*James L. Morse,* Defender General, *Charles S. Martin,* Appellate Defender, and *Dorothy W. Schoch,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Per Curiam.** Petitioner pleaded guilty to second degree murder and was sentenced to a term of not less than 20 years nor more than life. He petitioned for post-conviction relief, claiming that the sentence violated the United States and Vermont Constitutions' prohibitions against cruel and unusual punishment and denied him due process of law. He brings this appeal from a denial of his petition. We affirm.

Petitioner complains that he has received a more severe penalty than could have been imposed upon him if he had been convicted of first degree murder. He bases this complaint on

the fact that he may not be considered for parole until he has served his minimum term of 20 years (less time for good behavior), 28 V.S.A. § 501(a), while a person convicted of first degree murder and sentenced, as required by 13 V.S.A. § 2303, to life (with no minimum term) is considered for parole after six months of imprisonment. 28 V.S.A. § 501(b), (c); *State v. Battick*, 133 Vt. 558, 349 A.2d 221 (1975).

However, the parties in this case have stipulated to the fact that no person sentenced in Vermont to life imprisonment for first degree murder has been paroled and that the parole board has never adopted procedures or regulations providing for such parole. Under those circumstances, we think petitioner has not sustained his burden of establishing an injury affecting his legal rights. Since there has been no showing that one sentenced to life imprisonment for first degree murder has ever been paroled earlier than may the petitioner here, our determination of petitioner's claim would constitute only an advisory opinion. We do not have the constitutional power to render advisory opinions. *In re Constitutionality of House Bill 88*, 115 Vt. 524, 527, 64 A.2d 169, 172 (1949).

*Judgment affirmed.*