## In re Edward Battick

[406 A.2d 381]

No. 15-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed September 10, 1979

*James L. Morse,* Defender General, *David W. Curtis,* Defender, Correctional Facilities, and *Renata Kalnins,* Law Clerk (On the Brief), Montpelier, for Petitioner.

*M. Jerome Diamond,* Attorney General, *Susan R. Harritt,* Assistant Attorney General, and *Susan Dunn,* Law Clerk (On the Brief), Montpelier, and *Raymond G. Bolton,* Bennington County State's Attorney, Bennington, for Respondent.

**Billings, J.** This is an appeal from a denial of a petition for post-conviction relief, 13 V.S.A. §§ 7131–7137, challenging

the validity of a plea of guilty to murder upon which judgment of conviction of murder in the first degree was entered, 13 V.S.A. § 2302. The mandatory sentence to life imprisonment, 13 V.S.A. § 2303(a), was imposed. An automatic appeal from the conviction, V.R.A.P. 3(b), resulted in affirmance. *State* v. *Battick,* 133 Vt. 558, 349 A.2d 221 (1975).

The petitioner-appellant (hereinafter the petitioner) claims that, where the trial court is on notice that a criminal defendant is taking medication, it has an obligation before accepting a guilty plea to inquire into its effect upon the plea, and that the failure to do so constitutes reversible error. The post-conviction court dismissed the petition after hearing, concluding that there was no duty to inquire into the petitioner's physical and mental health at the time of the plea where he appeared both rational and coherent, and where there was no indication from any source that the petitioner was physically or mentally disabled from entering a plea knowingly, voluntarily and intelligently.

During the commission of the crime involved, the petitioner received multiple gunshot wounds requiring approximately 15 operations and hospitalization for approximately 8 months, during which time he was frequently on the critical list. Following a competency hearing, the petitioner's trial commenced in the Chittenden Superior Court approximately one month after he was discharged from the hospital. At that time, the petitioner had not completely recovered from his injuries. The evidence disclosed that on the third day of trial, when he changed his plea, the petitioner was taking the following medication: (a) a 50 mg dose of Talwin three or four times daily for pain; (b) Elavil, an antidepressant, four times a day; and (c) one Seconal tablet for sleep each evening. The petitioner's father stated that the petitioner was emotionally upset and disturbed; a friend of the petitioner and his physical therapist each testified that petitioner appeared tired; and the petitioner indicated that the medication had an effect upon him, although he was unable to gauge the extent of the effect. On the other hand, the petitioner's two attorneys, a court reporter, a deputy sheriff, and a prosecutor all testified that the petitioner was coherent and responsive, especially at the time the trial court inquired in detail con-

cerning the plea, see V.R.Cr.P. 11(c), and at the time that the petitioner executed a document entitled "Waiver of Further Proceedings Upon Arraignment." The presiding judge testified that he did not inquire into the medication being taken by the petitioner, although he assumed, because of the nature of his injuries and his recent hospitalization, that the petitioner was taking medication.

The petitioner, being the moving party in a post-conviction relief proceeding, has the burden of establishing his allegation that, due to the medication he was taking, his plea was not a voluntary one. *In re Mossey,* 129 Vt. 133, 138, 274 A.2d 473, 476 (1971); *In re Clark,* 127 Vt. 555, 557–58, 255 A.2d 178, 180 (1969). No expert evidence was adduced at trial concerning the actual or likely effect of the medication upon the petitioner and his ability to make a knowing, voluntary, and intelligent decision to plead guilty. The petition rested on the bare assertion that the plea was not voluntarily made. The trial court's findings of fact and conclusions of law to the contrary are clearly supportable on the record, and the petitioner has failed to meet his burden.

*Affirmed.*