## State of Vermont v. Anthony F. Doleszney

[422 A.2d 931]

No. 194-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed October 9, 1980

*John A. Rocray*, Windham County State's Attorney, and *Linda Levitt*, Deputy State's Attorney, Brattleboro, for Plaintiff.

*James L. Morse*, Defender General, *William A. Nelson*, Appellate Defender, and *Will Lindner*, Law Clerk (On the Brief), Montpelier, for Defendant.

**Per Curiam.** The defendant in this case elected to forego counsel and pleaded guilty to driving while his license was suspended, second offense. When sentence was imposed, he asked for counsel and the public defender was assigned. A motion to stay execution was immediately filed, later followed by a notice of appeal.

The appeal seeks to attack the validity of the guilty plea, claiming that there was no showing of a knowing and intelligent waiver of rights in carrying out the requirements of

V.R.Cr.P. 11(c)(4). The transcript of the taking of the plea was tendered in support of the contention.

No ruling of the trial court is being appealed from. The defendant made no objection below to the plea taking procedure, and did not move for any other relief below until filing the notice of appeal. The lower court therefore had no opportunity to correct any claimed shortcomings by further examination under V.R.Cr.P. 11, nor does this Court have the benefit of having what allegedly transpired expressed in findings based on an evidentiary hearing.

Thus, the preliminary question before us is the identification of the appellate issue that is properly here for resolution. We agree with the position taken by the Supreme Judicial Court of Maine in *Dow* v. *State*, 275 A.2d 815, 820–21 (Me. 1971):

> A direct appeal lies in [a case challenging the voluntariness of the plea] only upon denial at the trial court level of a timely motion to withdraw the plea of guilty. In that circumstance a proper evidentiary hearing is available in the trial court to the same extent as in postconviction habeas corpus proceedings when used to test the legal propriety of the plea of guilty.

*The appeal is dismissed and the judgment affirmed, but let the stay be continued for 30 days from the date of entry and within that period the defendant has leave to move to withdraw his guilty plea in the manner provided by V.R.Cr.P. 32(d) if he be so advised. Let the entry be certified forthwith.*