### In re Duane Leo Bentley, Sr.

[477 A.2d 980]

No. 83-369

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 18, 1984

*Nancy E. Kaufman,* Montpelier, for Petitioner-Appellant.

*Ralph H. Sheppard,* Bennington County Deputy State's Attorney, Bennington, for Respondent-Appellee.

**Underwood, J.** This is an appeal from a June 17, 1983, order of the Bennington Superior Court denying defendant's petition, pursuant to 13 V.S.A. § 7131, for post-conviction relief. Defendant sought relief from convictions and sentences resulting from pleas of nolo contendere to the offenses of sexual assault upon a person under the age of sixteen, 13 V.S.A. § 3252(3), and committing a lewd and lascivious act with a child, 13 V.S.A. § 2602. The pleas were the result of a plea bargain agreement, and defendant was sentenced to concurrent terms of two to four years imprisonment.

Originally, defendant pleaded not guilty to the charges, but on July 21, 1981, defendant signed a plea agreement with the State, signed a "waiver of rights" document and appeared with his attorney in district court at a change of plea hearing. On February 2, 1983, defendant filed his petition for post-conviction relief alleging that the pleas of nolo contendere should be vacated because the trial court failed to obtain the pleas from the defendant himself.

On appeal, defendant argues that the superior court erred in denying his petition because (1) the record failed to show that defendant pleaded nolo contendere to the charges, and (2) there are no other assurances in the record that the defendant knowingly, intelligently and voluntarily entered pleas of nolo contendere. We disagree and affirm.

Defendant's first argument is based on the fact that he never said, "I plead nolo contendere," at the change of plea hearing. The record from the change of plea hearing discloses the following exchange involving the court, the defendant and the defendant's attorney, Mr. Stafford:

| The Court: | This is a change of plea. The Court has before it a proposed plea agreement and a waiver of rights. |
| | Mr. Bentley, I have your waiver of rights but it's incumbent upon me to discuss this waiver with you in open court. |
| | First, of all, you understand, I'm sure, after talking with your attorney, that you have a right to plead not guilty and have the State prove your guilt beyond a reasonable doubt. Do you understand that? |
| The Defendant: | Yes, sir. |
| The Court: | By pleading guilty [sic] you relieve the State of that burden. Do you understand that? |
| The Defendant: | Yes, sir. |
| The Court: | There will be no trial if we accept your guilty plea [sic]. |

Mr. Stafford:     Pardon me, your Honor.

The Court:        This is a nolo plea?

Mr. Stafford:     Yes.

The Court:        Right. Whatever I have to say about a guilty plea applies as well to a nolo plea. And I understand that you pleaded nolo contendere to this offense.

Also, since there isn't going to be any trial, you're giving up your right to hear the witnesses against you and to have Mr. Stafford cross-examine them.

The Defendant:    Yes, sir.

The Court:        That's in accordance with your wishes?

The Defendant:    Yes, sir.

The Court:        Also, you're giving up your right to remain silent because a plea of nolo contendere does not contest the allegations; that is the information against you. Do you understand that?

The Defendant:    Yes, sir.

The Court:        Now, I understand that there is a plea agreement and in return for your plea of guilty [sic] to sexual assault and lewd and lascivious conduct, two charges, the State will recommend a minimum of 2 years and maximum of 4 years in the custody of the commissioner of corrections and you will serve some period, 2 to 4 years. Do you understand that?

The Defendant:    Yes, sir.

The Court:        And your counsel, of course, can argue for a lesser sentence.

                        *   *   *

| | |
|---|---|
| The Court: | Now, aside from the plea agreement, has anyone made any other promises of leniency to get you to plead guilty [sic] to these offenses? |
| The Defendant: | No, sir. |
| The Court: | Has anyone threatened to bring other charges if you did not plead guilty [sic] to these charges? |
| The Defendant: | No, sir. |
| The Court: | Very well. You may be seated. |

Prior to the hearing, but on the same day, the defendant signed both the plea agreement and the waiver of rights. Both documents mentioned the offenses and mentioned the pleas of nolo contendere. The excerpt from the transcript indicates that the court had these two documents before it while addressing the defendant.

This Court held, in *In re Southard,* 125 Vt. 405, 407–08, 217 A.2d 49, 51 (1966), that the defendant need not enter the plea himself but that his attorney may do so in his presence. Accord *D'Allesandro* v. *United States,* 517 F.2d 429, 434 (2d Cir. 1975). In both *Southard* and *D'Allesandro* the charges involved felonies and the defendants were present in court when the pleas were entered. This was the situation in the instant case as well. In *Southard,* defendant had petitioned for a writ of habeas corpus contesting the validity of his plea under 13 V.S.A. § 7002. The rules of criminal procedure had not been promulgated at that time.

V.R.Cr.P. 11(a) provides that "[a] defendant may plead not guilty, guilty, or nolo contendere. If a defendant refuses to plead . . . the.court shall enter a plea of not guilty." Nowhere does the rule require the specific words, "I plead nolo contendere." In this case, the defendant and his attorney both signed two documents indicating pleas of nolo contendere, and the court repeatedly referred to the pleas and their consequences in open court while addressing both the defendant and his attorney. While it is undoubtedly the better and more common practice for a plea of guilty or nolo contendere to be made by the defendant orally in open court, Rule 11 does not make this an absolute requirement.

■■ In a post-conviction relief proceeding, the burden of proving the alleged violation or defect rests on the petitioner. *In re Hall,* 143 Vt. 590, 595, 469 A.2d 756, 758 (1983); *In re Battick,* 137 Vt. 408, 410, 406 A.2d 381, 382 (1979); *In re Clark,* 127 Vt. 555, 558, 255 A.2d 178, 180 (1969). Defendant here has the burden of proving that he never entered pleas of nolo contendere to the two charges against him. He has merely proven, however, that he never said the words, "I plead nolo contendere." Furthermore, under *Southard, supra,* it appears to us that defendant's attorney also pled for him in the following exchange:

The Court: This is a nolo plea?

Mr. Stafford: Yes.

Considering that the defendant was present in court and represented by counsel, that he had signed two documents indicating his plea and that the court addressed both the defendant and his attorney while making repeated reference to the plea, we hold that the defendant has failed to prove that he did not plead nolo contendere to the offenses charged.

Defendant next argues that there are no "other assurances" in the record that the pleas were entered knowingly, intelligently and voluntarily. As presented, this argument is part of the claim that no plea was entered. We have already held, however, that the defendant did plead nolo contendere to the charges. Thus, in order to make sense of the second argument, we will treat it as a claim that the pleas were not entered knowingly, intelligently and voluntarily. Once again, the burden of proof is on the defendant to show that his pleas were defective. *Hall, supra; Battick, supra; Clark, supra.*

■ Defendant's claim is based upon the failure of the trial court to comply with all of the requirements of V.R.Cr.P. 11(c). Specifically, he notes that the trial court neglected to explain (1) the nature of the charges to the defendant, and (2) the minimum and maximum penalties of the offense. The superior court correctly observed that post-conviction relief proceedings do not address the guilt or innocence of the defendant, but the fairness of the proceedings leading to conviction and incarceration. *In re Rebideau,* 141 Vt. 254, 257,

448 A.2d 144, 146 (1982). The superior court concluded that, although V.R.Cr.P. 11 was not perfectly complied with, there was no evidence of "jurisdictional, constitutional, or other fundamental error in the proceedings, and therefore no basis for relief." (citing *United States* v. *Timmreck,* 441 U.S. 780 (1979)).

▪ *Timmreck* held that a guilty plea is not subject to collateral attack when all that can be shown is a "technical violation" of the rule. *Id.* at 784. Recently, this Court held that "[t]echnical or formal violations [of Rule 11] will not release defendant from his guilty plea unless there is a showing of prejudice to the defendant." *Hall, supra,* 143 Vt. at 596, 469 A.2d at 759 (citing *Timmreck, supra*). To constitute prejudice in the instant case, defendant would have to show that (1) he was unaware of the nature of the charges and the minimum and maximum penalties involved, and (2) this lack of understanding caused him to plead nolo contendere. Defendant has made no such showing. In essence, defendant's argument is that the failure of the court to comply strictly with the requirements of Rule 11 caused an involuntary plea.

In *Hall, supra,* the court neglected to inform the defendant of the minimum and maximum penalties involved and that he was waiving his right to a jury trial. 143 Vt. at 595, 469 A.2d at 758. The Court, however, looked to the record of the plea change hearing and noted that, "[t]hroughout the court's Rule 11 examination, defendant responded in the affirmative to the court's queries as to his understanding of the effects of pleading guilty." *Id.,* 469 A.2d at 759. This also occurred in the instant case.

The excerpt from the record quoted above indicates that the court complied with Rule 11(c) (3) (right to plead not guilty) and Rule 11(c) (4) (waiving right to jury trial and right to confront witnesses). The record further discloses that the court discussed the minimum and maximum penalties embodied in the plea agreement, but not of the offenses themselves as required by Rule 11(c) (2). The court did not explain the nature of the charges. V.R.Cr.P. 11(c) (1). Finally, the above quote from the record indicates that the court complied with Rule 11(d)'s requirement to ascertain "that the plea is voluntary and not the result of force or threats . . . ."

■ Based upon the record before us, we are convinced that the defendant entered his pleas knowingly, intelligently and voluntarily. The record reveals substantial but not complete compliance with Rule 11.

*Affirmed.*