## State of Vermont v. Warren Thompson

[650 A.2d 139]

No. 92-036

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed June 3, 1994

Motion for Reargument Denied September 6, 1994

*Scot Kline*, Chittenden County State's Attorney, and *Pamela Hall Johnson*, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Robert Appel,* Defender General, *William A. Nelson,* Appellate Attorney, and *Brad Powers* (Law Clerk), Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant pled nolo contendere to two counts of sexual assault, 13 V.S.A. §§ 3252(a)(1)(A), 3253(a)(7) (aggravated), reserving the right to appeal the court's denial of his motion to determine his competency to stand trial. V.R.Cr.P. 11(a)(2) (conditional plea). He also claims on appeal, for the first time in these proceedings, that his pleas were accepted in violation of V.R.Cr.P. 11(c)(1) and (2) because he was not informed of, nor did the court determine whether he understood, the nature of the crimes charged and their penalties. We do not reach the merits of defendant's unpreserved claim of error. We hold the competency determination was supported by the evidence. Accordingly, the judgment of conviction is affirmed.

I.

In *State v. Doleszney,* 139 Vt. 80, 81, 422 A.2d 931, 932 (1980), a direct appeal from a judgment of misdemeanor conviction based on a claimed faulty plea of guilty under V.R.Cr.P. 11(c)(4), we stated:

> No ruling of the trial court is being appealed from. The defendant made no objection below to the plea taking procedure, and did not move for any other relief below until filing the notice of appeal. The lower court therefore had no opportunity to correct any claimed shortcomings by further examination under V.R.Cr.P. 11, nor does this Court have the benefit of having what allegedly transpired expressed in findings based on an evidentiary hearing.

We held that the issue over the propriety of the plea must first be raised in the trial court before it can be properly addressed in this Court and dismissed the direct appeal. *Id.* Similarly, defendant here did not raise his Rule 11(c) claim in the trial court.

First, defendant argues that *Doleszney* has not been followed and should not govern. After *Doleszney,* the only case that has decided a claimed Rule 11 defect on direct appeal did not involve preservation of the issue because the State failed to raise lack of preservation as dispositive of the appeal and we did not consider the issue, one way or the other, sua sponte. See *State v. Gabert,* 152 Vt. 83, 84–90, 564 A.2d 1356, 1357–60 (1989) (rejecting defendant's claim that an element of the offense was not explained).

Second, defendant argues that a direct appeal should be available since he was forbidden by rule from moving to withdraw his plea in

district court because he had been given a prison term and therefore was "in custody under sentence." V.R.Cr.P. 32(d), which requires that a defendant asking to withdraw a plea not be "in custody under sentence," is no hindrance to relief in superior court, because, assuming that circumstances left the district court without authority to entertain his motion to withdraw his plea, post-conviction relief was still available. 13 V.S.A. §§ 7131–7137; see Reporter's Notes to 1980 Amendment, V.R.Cr.P. 32(d).

■ In sum, an issue under Rule 11(c), alleging violations in taking a plea, absent plain error, demands a factual record and opportunity for the trial court to grant relief before this Court may properly review it. We do not find plain error.[*]

## II.

The issue on appeal properly before us is whether the trial court's determination that defendant was competent to stand trial was wrong as a matter of law. The test for competency is "whether a defendant is capable of understanding the criminal proceedings and consulting with an attorney." *State v. Lockwood*, 160 Vt. 547, 554, 632 A.2d 655, 660 (1993). Defendant phrases the issue this way:

> Whether a criminal defendant who believes that the judge, the prosecutor, his defense attorneys, and the examining psychiatrists are part of a satanic cult whose object is to do him harm, lacks a rational understanding of the proceedings against him.

The findings by the court may be summarized as follows: Defendant, who was 34 years old, had an I.Q. of 83 ("low normal range") and a criminal record. Defendant purported to believe, which the trial court accepted at face value, that the critical "players" in the criminal proceedings (judge and lawyers) were "all part of a demonic cult . . . possessed by demons," a belief he began to develop in late 1990. One

---

[*] Defendant also claims the court erred by not appointing him a guardian ad litem (GAL). The request for a GAL arose when the defense sought to call an attorney who had represented defendant in another case to testify about difficulty in communicating with, and adequately representing, defendant in the other case. The State raised the attorney-client privilege and argued that defendant, if incompetent to stand trial as the defense claimed, was incompetent also to waive the attorney-client privilege. The defense then suggested appointment of a GAL. This issue was also not preserved. The conditional plea stated only: "The defendant . . . specifically reserves the right to appeal from the denial of his pre-trial motion to determine his competency to stand trial." Accordingly, the issue about failure to appoint a GAL was waived. V.R.Cr.P. 11(a)(2) (issue on appeal must be specified in conditional plea).

psychiatrist testified defendant was delusional and in a psychotic state. The other psychiatric witness disagreed, stating that defendant's demonic beliefs were "too convenient to constitute delusions." The court observed, "[w]hile [defendant's] view may somewhat distort reality, it does not obliterate it [and] . . . provides [him] with a sense of comfort and freedom from personal responsibility."

■■ The court concluded defendant was competent. 13 V.S.A. § 4817(b) directs the trial court to hold a competency hearing under certain circumstances and to make a finding "regarding [defendant's] competency to stand trial." As we have frequently held, this Court will not overturn findings of the trial court if they are supported by credible evidence and are not clearly erroneous. *State v. Gallagher*, 150 Vt. 341, 348, 554 A.2d 221, 225, *cert. denied*, 488 U.S. 995 (1988). Here, the court found during the competency hearing that defendant could adequately consult with others, knew the names and functions of those involved in his case, reasonably understood the rules, and was aware of the specific charges, the potential penalties, and the potential consequences of the proceedings. During the court's colloquy in the competency hearing, the court observed defendant conferring with his attorney. He took notes and his demeanor during the three-day hearing was appropriate. The court's findings are supported.

*Affirmed.*