**STATE of Vermont v. Robert E. BENWARE, Jr.**

[686 A.2d 478]

No. 96-016

October 14, 1996. Defendant appeals from a judgment of the Windham District Court that he unreasonably refused to submit to a blood-alcohol test. We affirm.

Defendant was pulled over for a broken taillight by a Bellows Falls police officer. The officer smelled alcohol on defendant's breath and administered a preliminary screening test. The test indicated a blood-alcohol level of 0.201, an amount in excess of the statutory prohibition of 0.08 or more. 23 V.S.A. § 1201. Defendant was arrested for driving under the influence and taken to the police station for DUI processing. Defendant was advised of his rights and offered counsel. The trial court found that "during the reading of his *Miranda* rights, defendant stated this will be a refusal of the test." He then spoke to a public defender. The police officer testified that he wanted to give defendant every opportunity to take the test, so despite defendant's statement, he prepared the crimper device which was used to measure defendant's blood-alcohol level. For a test to be accurate, de-

fendant cannot belch, burp or vomit for fifteen minutes. During this time, the officer must continuously observe defendant to ensure that he does not do any of these things. During continuous observation by the officer, defendant forced numerous burps while repeatedly making obnoxious comments and gestures to him. Each of these forced burps caused the officer to begin the fifteen-minute observation period again. After five attempts to administer the test over a period of forty-one minutes, the officer stated that he was considering defendant's behavior a refusal of the test. Defendant thereupon told the officer that he would take the test, but the officer terminated the procedure.

Based on the foregoing evidence, the trial court found that defendant had refused to consent to the blood test. "This Court . . . concludes that a reasonable person in the officer's position could conclude that the [d]efendant manifested an unwillingness to take the test."

The applicable statute provides a defendant with a reasonable amount of time to decide whether to submit to the breath test, but no longer than thirty minutes after the first attempt to contact an attorney. 23 V.S.A. § 1202(c). A refusal to submit to testing may be inferred from the suspect's behavior. As we have explained:

> [I]t is not necessary as a matter of law that a refusal to submit to testing by a DUI suspect can be evidenced only by an express, affirmative statement of refusal. In the absence of such a statement, a refusal may be implied from the totality of the surrounding facts and circumstances.

*Stockwell v. District Court*, 143 Vt. 45, 50, 460 A.2d 466, 468 (1983). Thus, if a reasonable person in the officer's position could believe that the driver understood that he had been asked to take a test and nevertheless behaved in a way that demonstrated he was unwilling to submit, a refusal may be recorded by the officer. *Id.* These principles have been reiterated in recent cases. See, e.g., *Gilman v. Commissioner of Motor Vehicles*, 155 Vt. 251, 252, 583 A.2d 86, 86 (1990); *Fontaine v. District Court*, 150 Vt. 28, 30, 547 A.2d 1362, 1363 (1988).

Here, defendant deliberated beyond the thirty-minute statutory time limit imposed by 23 V.S.A. § 1202(c). Furthermore, defendant concedes that his behavior justified the officer's inference that he was refusing the test. He argues, however, that the issue on appeal is whether his refusal was "cured" by subsequent consent. See *State v. Lynaugh*, 148 Vt. 124, 127, 530 A.2d 555, 558 (1987) ("[T]his case does not raise the issue of how processing officers ought to respond to good faith and timely changes of mind."). We need not, however, decide this issue. The evidence supported the inference that defendant's stated change of mind was not genuine. As the trial judge stated, "Defendant's professed change of heart came too late and the officer reasonably concluded that he had no basis upon which to believe the [d]efendant was being sincere." See *State v. Thompson*, 162 Vt. 532, 535, 650 A.2d 139, 141 (1994) (we will not overturn findings of trial court if supported by credible evidence and not clearly erroneous).

*Affirmed.*