Velazquez v. State of Vermont, No. 430-9-13 Wmcv (Wesley, J. Apr. 10, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| SUPERIOR COURT<br>Windham Unit | CIVIL DIVISION<br>Docket No. 430-9-13 Wmcv |
|---|---|
| Timothy Juan Velazquez,<br>     Plaintiff<br><br>v.<br><br>State of Vermont,<br>     Defendant | DECISION ON MOTION |

**OPINION & ORDER**
**GRANTING THE STATE'S MOTION FOR SUMMARY JUDGMENT**

**Procedural History and Factual Background**

On December 20, 2011, Petitioner pleaded guilty to Operating Under the Influence, in violation of 23 V.S.A. 1201(a)(2), and felony possession of cocaine, in violation of 18 V.S.A. § 4231(a)(2). By agreement, Petitioner received a sentence of eighteen months to four and one-half years to serve, a sentence that was to run concurrently with a nine to twelve month sentence Petitioner had already begun serving for domestic assault.

Before accepting Petitioner's plea, the Court (Suntag, J.) conducted a colloquy with Petitioner. As part of that colloquy, the Court explained to Petitioner that where he served his sentence was entirely within the discretion of the Department of Corrections (DOC), and that while the DOC might grant furlough, or treatment options, it would be under no obligation to do so as a result of the sentence to which Petitioner had stipulated, pursuant to his plea agreement with the State. Petitioner indicated he understood and declined to ask any further questions despite an invitation to do so. Further, Petitioner told the Court, in response to a question, that he understood there was an effort under way to enroll him in some sort of substance abuse treatment program but that it would be seven more months before he was eligible. The Court reminded Petitioner that his behavior while incarcerated would be relevant to any eligibility determination for correctional programming, which would be made by DOC. Petitioner indicated he understood.

On September 17, 2013, Petitioner filed this motion for post-conviction relief based on a claim that his plea was rendered involuntary by misinformation about his eligibility for the work camp program which would have reduced his maximum sentence. Specifically, Petitioner argues that he detrimentally relied on a DOC employee's representation that while he was presently barred from the work camp due to his domestic violence conviction, a rules change was planned that would make him eligible. He asserts it was in reliance on this false information that he submitted his plea, that his reliance was objectively reasonable and that this reliance prejudices him significantly.

For the reasons described below, in consideration of the undisputed facts, the Court concludes there is no basis for post-conviction relief, and grants the State's motion for summary judgment.

**<u>Discussion</u>**

Because the resolution of this petition is clear, the Court proceeds without a hearing. 13 V.S.A. § 7133 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon"); *In re Gould*, 2004 VT 46, ¶ 17, 177 Vt. 7; *In re Dragon*, 131 Vt. 499, 500 (1973). The Court acknowledges that summary judgment on a claim is appropriate only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *In re Barrows*, 2007 VT 9, ¶ 5, 181 Vt. 283. However, the Court concludes these circumstances are present because there are no material facts in dispute, and because the Petitioner faces a very high standard for relief. *Id.*, ¶¶ 17–20; *In re Thompson*, 166 Vt. 471, 477 –478 (1997).

Petitioner argues, in essence, that he reasonably and detrimentally relied on a promise made to him by the State through an agent of DOC, that he tendered his plea on this basis, and that as a result of his justifiable misunderstanding of whether he would be allowed to enter the work camp, he has been harmed. For several reasons, Petitioner's claim is without merit.

First, Petitioner acknowledges in his pleadings that he was never promised a guaranteed spot on a work program. He asserts in his petition that he pled and "accept[ed] a sentence with a fairly high maximum release date based upon his *hope* that he would be eligible for a program that would reduce the maximum release date" (emphasis added). Thus, Petitioner acknowledges that to the extent he was induced to plead, it was not by a false promise but by what he knew to be a mere possibility. This is not the type of inducement or misunderstanding that may invalidate a plea. See *In re Moulton*, 158 Vt. 580, 584 (1992) (quoting *In re Stevens*, 144 Vt. 250, 255 (1984)):

> At a post-conviction relief hearing, petitioner has the burden of demonstrating that he entered his plea while reasonably relying on a material misunderstanding … and that such misunderstanding worked to his prejudice …To support withdrawal of the plea, the misunderstanding must be more than a "subjective mistake absent some objective evidence reasonably justifying the mistake."

*Id.*

Moreover, Petitioner received accurate information from the Court regarding the fact that his conditions of incarceration were entirely within the discretion of DOC and Petitioner indicated he understood this. Thus, it was not objectively reasonable for Petitioner to have relied on a statement from DOC which was directly contradicted by his in-court colloquy.

The Court agrees with the State that *In re Shaimas* controls the outcome here. In that case, a subsequent change in parole eligibility rules did not render the petitioner's plea involuntary despite his alleged reliance on the rules existing at the time of sentencing. 2008 VT 82, ¶¶ 9–11, 184 Vt. 580.  As the Supreme Court held, due to the fact that parole eligibility is "'inherently imprecise' owing to any number of variables such as the petitioner's conduct while in prison, changes in the makeup or philosophy of parole boards, and 'changes in the law,'" id., ¶ 9 (citations omitted), there were no grounds to vacate the plea. Here, claiming similar

expectations for DOC programming, Petitioner maintains he relied upon a hoped for change that would affect his eligibility for a program which could reduce his term of imprisonment. Petitioner's claimed reliance is even more "inherently imprecise" when compared to *Shaimus,* as there was no policy already in place which might have given some support for his claimed expectations. Petitioner's attempts to distinguish *Shaimas* are unavailing, as the fact that the petitioner in that matter relied in entering his plea on a belief that was correct at the time, rather than a hoped for change, weakens rather than strengthens Petitioner's claim.

     **WHEREFORE** it is hereby **ORDERED:** The State's Motion for Summary Judgment is **GRANTED**. Judgment will enter for the State, and the petition for post-conviction relief is **DISMISSED WITH PREJUDICE.**

     Electronically signed on April 10, 2014 at 11:09 AM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge