*Lewis v. State*, No. 306-3-17 Cncv (Toor, J., July 25, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT
Chittenden Unit

CIVIL DIVISION
Docket No. 306-3-17 Cncv

| Lewis vs. State of Vermont |
|---|

## ENTRY REGARDING MOTION

Count 1, Post Conviction Relief (306-3-17 Cncv)

Title:          Motions for Summary Judgment (Motions 20 and 21)
Filer:          Michael Lewis/State of Vermont
Attorney:   Robert J. Appel/Pamela Hall Johnson
Filed Date:  April 22, 2019

Motion 20: Response filed on 05/22/2019 by Attorney Pamela L. Hall Johnson for State
            Reply filed on 06/10/2019 by Attorney Robert J. Appel for Petitioner
Motion 21: Response filed on 06/10/2019 by Robert J. Appel for Petitioner

This is a post-conviction relief case. On February 6 the court ruled on an earlier summary judgment motion in this matter involving different charges. This motion seeks to vacate the judgments and sentences in three of seven counts in Docket 4216-10-08 Cncv—Counts 3, 7, and 9. All three were charges of grossly negligent operation with serious injury resulting.  Robert Appel, Esq. represents Lewis; Pamela Hall Johnson, Esq. represents the State. Both parties move for summary judgment.

Undisputed Facts

The State correctly points out that Lewis failed to comply with V.R.C.P. 56 by not filing a statement of material facts. The court therefore would deny his motion on that basis, but for the fact that the State has filed a cross-motion that puts the same issues into

play. Lewis has also failed to file an opposition to the State's facts, so they are deemed admitted to the extent they are supported by the record. V.R.C.P. 56(e)(2).

The relevant undisputed facts all come from the transcript of the plea hearing. They are, in sum, as follows. The parties submitted a signed plea agreement that included seven counts, two for manslaughter and five for grossly negligent operation with serious bodily injury. The agreed-upon total sentence as reflected on the agreement was 22 years to life. Each manslaughter charge carried that sentence, and the negligent operation charges each carried concurrent sentences of 14-15 years to serve. The parties failed to circle the options for "Guilty" or "Nolo Contendere" on the agreement. The agreement also dismissed five other charges.

At the plea hearing the judge was quite thorough in many respects, but for three of the seven counts failed to expressly ask "what is your plea?" The judge did, however, reference his understanding that Lewis was pleading guilty to all seven counts reflected on the plea agreement. Sept. 3, 2009 Transcript at 2. The judge then discussed the rights Lewis would be giving up "when you plead guilty." Id. at 3, 4, 5. He asked if anyone had forced or threatened Lewis "to plead guilty" or made any promises "to get you to plead guilty." Id. at 5. When asked whether he had had any private conversations with anyone that "influenced your decision to plead guilty because some promise or commitment has been made," Lewis answered: "No sir. This is my choice." Id. at 6. He also volunteered that he had "no line of defense." Id. at 7.

The prosecutor gave a lengthy description of the car crash that occurred while Lewis was speeding to elude the police, and the deaths and injuries to the passengers that occurred as a result. Lewis agreed that the facts as described were accurate. The judge then went over each charge with Lewis. Id. at 14-21. Lewis agreed to all the facts as

2

described by the judge. He expressly pleaded guilty to all counts other than the three at issue here.

All seven counts were based upon the same facts. The three counts at issue here were all for grossly negligent operation with serious injury resulting, but each involved a different victim with different injuries. Lewis agreed to the descriptions of the serious injuries to each victim, and agreed that he operated the car "in a grossly negligent manner." Id. at 17. He agreed that he drove too fast, saying "I certainly did. I speeded. I didn't stop when Officer Plunkett was blue-lighting me." Id. at 21. He added that he waited for the officer to get out of the patrol car "and I took off," and that he was "probably doing at least eighty miles an hour." Id. When the judge said "I'll accept your plea to all seven charges," neither Lewis nor either of his two lawyers raised any objection. Id. The judge issued the sentence stated on the plea agreement for the seven counts reflected there, and dismissed the remaining charges.

Conclusions of Law

Lewis argues that his conviction and sentence on Counts 3, 7 and 9 must be vacated because he was never expressly asked, and never expressly stated, whether he was entering a guilty plea on the three charges. However, Vermont law does not require such an express question or statement. "While it is undoubtedly the better and more common practice for a plea of guilty or nolo contendere to be made by the defendant orally in open court, Rule 11 does not make this an absolute requirement." In re Bentley, 144 Vt. 404, 408 (1984). In Bentley, the written plea agreement indicated the defendant's plea, but he never stated it on the record. The Court found no violation of Rule 11, noting that the defendant had signed a written plea agreement reflecting his nolo pleas and "the court repeatedly referred to the pleas and their consequences in open court while addressing

3

both the defendant and his attorney." Id. Here, the parties failed to note whether the plea was guilty or no contest on the form they signed, but the signed agreement obviously meant Lewis was agreeing either to guilty pleas or no contest pleas when he signed it. The difference between the two is of no consequence to his ultimate convictions or sentences (though it might have significance to a civil case). Moreover, it was crystal clear from Lewis' statements at the hearing that he was admitting guilt. His own statements, and the absence of any objection or question from him or his two lawyers when the judge repeatedly referenced his guilty pleas, defeats any claim that he did not intend to plead guilty to all seven counts.

## Order

Lewis' motion for summary judgment is denied. The State's motion for summary judgment is granted. Although Lewis asks at the end of his reply memo for an evidentiary hearing on an ineffective assistance of counsel claim, the second amended petition filed on December 11, 2018 contains no such claim. Thus, all issues in the petition having been resolved, judgment will now be issued.

Dated at Burlington this 25th day of July, 2019.

_____
Helen M. Toor
Superior Court Judge

Notifications:
Pamela L. Hall Johnson (ERN 4017), Attorney for Respondent State of Vermont
Robert J. Appel (ERN 2862), Attorney for Petitioner Michael Lewis

4