*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-111

DECEMBER TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Criminal Division |
| | } | |
| James T. Burke | } | DOCKET NO. 173-1-07 Cncr |

Trial Judge: James R. Crucitti

In the above-entitled cause, the Clerk will enter:

Defendant James Burke pled nolo contendere to obstructing justice pursuant to a plea agreement, and he appeals pro se from his conviction. The central issues are whether defendant's asserted understanding that his nolo plea was a conditional plea that preserved his right to appeal unspecified rulings compromised the voluntariness of his plea and whether the plea agreement preserved defendant's right to appeal several pretrial rulings including his motion to sever the charges against him, his motion for jury instructions on lesser included offenses, and his claim that the threats for which he was convicted constituted constitutionally-protected speech. We conclude that defendant's nolo plea was voluntary, and that it did not preserve his right to appeal the other motions specified above.

Defendant was charged with two counts of obstructing justice in violation of 13 V.S.A. § 3015. The information alleged that defendant intimidated an officer of the court through two threatening communications. Defendant was charged as a habitual offender. Defendant initially represented himself, but in October 2011, at defendant's request, an attorney was appointed to represent him. Prior to that time, defendant personally filed numerous motions to dismiss, a motion to sever, and a motion for jury instructions on lesser included offenses. The trial court denied all of those motions.

In February 2012, the parties filed a notice of plea agreement. Defendant agreed to enter a plea of nolo contendere to count one of the information with a recommended sentence of four to five years to be served consecutive to all other sentences, and the State agreed to strike the habitual offender enhancement and dismiss count two. The plea agreement indicated that defendant "reserve[d] whatever appeal rights that may remain to him after pleading no contest."

At the change-of-plea hearing, defendant's attorney outlined the plea agreement for the court and stated that "understanding that he has limited—extremely limited appellate rights after entering into a plea of no contest, he reserves whatever appellate rights may remain to him at that time." The court directly addressed with defendant the limited scope of defendant's appeal rights, as set forth in detail below:

Court: [T]he way I understand the statement here that says that you reserve whatever appeal rights that may remain after pleading no contest to the charge. And I don't know what those would be. Because the way I understand it, if you plead no contest to the charge, like some of—the decisions that I made regarding the motion to dismiss the case that Attorney Jansch had filed, you had filed a number of motions, I think with Judge Toor. And then there were some others that you had filed with me, and even probably more before that.

 So as I under—the plea of no contest would extinguish—would not allow you to plead—to appeal any of those decisions.

Defendant: Well, it's my understanding that as part of this deal it would allow me to—well, I know I have PCR—post-conviction remedy rights. And also, this—part of this deal was that I had certain appellate rights of whatever appellate rights I have left, after the PCR could be filed. Whatever appellate rights I have left, that the Vermont Supreme Court will allow, I do plan on filing a notice of appeal within ten days, and appealing those issues that I feel that I—the Vermont Supreme Court will hear.

Court: . . . [S]o as I said, the decisions I made, like the motion to dismiss or that Ms. Jansch had made saying the State should not be able to go ahead on the case, because of the lack of evidence and the lack of intent that was shown, that those cannot be challenged by you, by an appeal to the Supreme Court.

 You could appeal assistance of counsel or something like that on a post-conviction relief. And you could appeal that if you got a decision that you didn't think was correct. But you can't appeal those decisions that any judge made in this case.

Defendant: Yes, I understand. I have more post-conviction remedy—PCR rights than I would with the Vermont Supreme Court, at this time. However, I can bring up all my issues with PCR. And if they're denied in Superior Court, they can be appealed to the Vermont Supreme Court.

Court: But in a post-conviction relief in the Superior Court, I don't see them reviewing whether or not, say, the decision I made on the motion to dismiss was correct. They could look at: was assistance provided to you; was the mechanism underneath it correct, but not whether the legal decision was correct.

 So the way I understand it, the way this plea will work, it will eliminate your ability to challenge whether that decision was correct. You'd be able to challenge whether there was correct legal assistance in arriving at it.

Defendant: Yeah. I guess that's probably what the Vermont Supreme Court will say too, if I tried to do a direct appeal and bring up those issues.

Court: I'm positive that's what they'll say.

Defendant: Okay.

Court: So I just—I don't want you to think . . . I want this to be clear so that you're not—

Defendant: Yeah.

Court: —surprised by it.

Defendant: All right. Thank you, sir.

Court: So do you understand that that's how it'll work?

Defendant: Yes

Court: Okay. Do you have any questions at all about that?

Defendant: No. I'm—I have a pretty good understanding about that. Thank you.

The court then reviewed with defendant the various other constitutional rights that defendant was waiving by entering his plea, outlined the charge to which defendant was entering his plea and reviewed the maximum penalty. The court and defendant then had the following back-and-forth:

Court: Now, other than the agreement that Ms. Jansch explained to me as we started, have there been any other promises made to you in order to convince you to plead no contest?

Defendant: No, there hasn't. Except I believe one part of the negotiation did allow me to use my appellate rights—what appellate rights I have left to me to the Vermont Supreme Court.

Court: As we were—as we discussed on the record?

Defendant: Yes.

Defendant entered his no contest plea, the State provided a factual basis for the charge, and the court found a factual basis for the plea. Following a February 2012 sentencing hearing, the court sentenced defendant consistent with the terms of the plea agreement.

In April 2012, defendant filed a motion asking the court to modify his sentence to show that he had entered a conditional plea under Vermont Rule of Criminal Procedure 11(a)(2). The court denied the motion, finding that defendant had not entered such a plea and that this had been made clear to defendant at the hearing. Defendant moved for reconsideration, and his motion was denied. This appeal followed.

On appeal, defendant argues that he did not knowingly enter his nolo contendere plea under Rule 11(b). He asserts that he was tricked into believing that he was entering a conditional plea under Rule 11(a)(2) with the right to appeal various pretrial motions. He suggests that the court failed to ensure he understood the nature of his plea and failed to explain to him the minimum and maximum penalty for the charged crime. Defendant also maintains that there was an insufficient factual basis to support the plea.

3

For a plea to be unknowingly and involuntarily entered, "an alleged misunderstanding may not be based solely on the [defendant]'s subjective misunderstanding but must be based on objective evidence which reasonably produced the misunderstanding." In re Stevens, 144 Vt. 250, 255 (1984). Thus, this Court "must determine if a [defendant]'s mistaken belief . . . , when judged by objective evidence, was reasonably justified under the circumstances." Id. at 256. The transcript of the change-of-plea hearing does not support defendant's claim that he was misled into believing that he had entered a conditional plea or that there was a mutual misunderstanding of the plea agreement. Although defendant asserted that the plea agreement preserved whatever appeal rights he had after a no contest plea, he expressly acknowledged in his back-and-forth with the trial court that he would not be able to appeal adverse pretrial rulings. The court took great pains to ensure that defendant understood and affirmed that fact.

Moreover, the plea agreement lacked an essential hallmark of a conditional plea pursuant to Rule 11(a)(2): identification of the pretrial ruling or rulings subject to appeal. See V.R.Cr.P. 11(a)(2) ("With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion."); see also State v. Peterson, 2007 VT 24, ¶¶ 9-10, 181 Vt. 436 (reiterating that in appeal based on conditional plea, review is limited to decision on motion specified in plea agreement).

Instead, the record shows that defendant knowingly and voluntarily entered his plea under Rule 11(b). As we have observed, before accepting a plea, the trial court "must assure itself that the defendant has a full understanding of what the plea connotes and of its consequence." In re Parks, 2008 VT 65, ¶ 8, 184 Vt. 110 (quotation omitted). "Compliance with Rule 11 is the procedural manner in which the trial court creates a record demonstrating that defendant's plea and consequent waiver of constitutional rights is both knowing and voluntary." Id. The court complied with Rule 11 here. It determined by colloquy in open court that defendant understood the nature of the charge to which the plea was offered; the penalty provided for the offense;[*] his right to plead not guilty; and, by pleading nolo contendere, his waiver of certain rights. See V.R.Cr.P. 11(c). The court also ascertained that defendant had entered the plea willingly. See V.R.Cr.P. 11(d). The court was not required to find a factual basis for the plea, see State v. Peck, 149 Vt. 617, 622, 547 A.2d 1329, 1332, (1988), but nonetheless made such a finding, and the finding is supported by the record.

By knowingly and voluntarily pleading nolo contendere to the charge, defendant waived the right to challenge the court's rulings on his pretrial motions. See In re Torres, 2004 VT 66, ¶ 9, 177 Vt. 507 (mem.) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings.") (quotation omitted); see also 5 W. LaFave et al., Criminal Procedure § 21.6(b), at 922-23 (3d ed. 2007) (plea of nolo contendere has same effect as guilty plea in terms of its finality and as a waiver of claims unrelated to the plea). Given this, we do not address defendant's challenges to various

---

[*] There is no "mandatory minimum penalty" for the crime to which defendant pled, and we reject his argument that the court erred by not identifying a minimum penalty in its Rule 11 colloquy. See V.R.Cr.P. 11(c)(2) (explaining that court must inform defendant of "the mandatory minimum penalty, if any, and the maximum possible penalty provided by law for the offense to which the plea is offered").

pretrial rulings, including the court's denial of defendant's motion to sever, denial of his request to instruct the jury on lesser included offenses, and rejection of the First Amendment arguments included in defendant's motion to dismiss. Nor do we consider defendant's claims of bias, which appear to largely relate to the denial of his pretrial motions. For the same reason, we do not address defendant's assertion that his speedy trial rights were violated, assuming that this argument was raised below. See U.S. v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996) ("Because a defendant's right to a speedy trial is nonjurisdictional, a knowing and voluntary guilty plea waives a speedy trial claim unless the defendant specifically reserves the right to appeal.").

Defendant argues that the assistance of his attorney was ineffective. We have explained that, as a general matter,

> the question of ineffective assistance of counsel is limited to petitions for post-conviction relief (PCR). Unless the question of effective representation is raised at trial and ruled on by the court—an unlikely scenario where there is no substitution of counsel during trial—there are no findings on the question and no record on which this Court can determine if a trial judge erred in weighing the competence of counsel in the context of specific errors asserted."

State v. Judkins, 161 Vt. 593, 594-95 (1993) (mem.) (citation omitted). Defendant did not challenge the effectiveness of his counsel below, nor did the trial court rule on this issue. Thus, there is no record from which we could evaluate such a claim here.

Finally, assuming that this argument was adequately briefed, we reject defendant's assertion that the court erred in denying his motion for judgment of acquittal. In his motion, defendant argued that there was insufficient evidence to support his conviction because the State could not prove the elements of the crime, similar to the argument that was raised and rejected in his pretrial motion to dismiss. As the State notes, there was no trial in this case and the motion is not appropriate in the context of this case. We agree that, to the extent that the motion was cognizable, the court properly found that there was a factual basis for the entry of judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice