VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03744

| Cody Davis v State of Vermont |
| --- |

## ENTRY REGARDING MOTION

**Title:** Motion for Summary Judgment Partial (Motion: 4)
**Filer:** Briana T Hauser
**Filed Date:** November 03, 2025

Petitioner, Cody Davis, has filed a motion for partial summary judgment (Motion 4) in this post-conviction relief claim. The State, as respondent, opposes partial summary judgment. For the following reasons, the motion will be granted in part and denied in part.

### Background

The State did not dispute the material facts as required by Vermont Rule of Civil Procedure 56(c)(2). The facts set forth by Petitioner in the *Statement of Undisputed Material Facts* are therefore deemed to be undisputed for the purposes of the motion. V.R.C.P. 56(e)(2). They form the basis of the court's discussion below.

Mr. Davis entered into a plea agreement which resolved several separate criminal matters on November 3, 2021. In Docket 20-CR-01951, Mr. Davis agreed to plead guilty to Count I, which was a violation of conditions of release charge. The following exchange took place during the plea colloquy:

> THE COURT: Next in docket number 20-CR-1951, Count I, is also a charge of violating conditions of release. Carries the same potential maximum penalties, which we've gone over. The nature of that charge is that at Bennington, on or about August 1–October 1, 2020, you were subject to conditions of release issued under 13 Vermont Statutes Annotated Section 7554, and you violated condition 11, the curfew condition at that time. Do you understand that?
> [MR. DAVIS]: Yes, sir.
> THE COURT: Atty. Plunkett, I'll hear the factual basis on that one.
> [STATE]: And again, on that date, the condition mentioned that was before was still in place, and at about midnight on October 1st, Mr. Davis was not at the curfew location, but was instead located during a traffic stop somewhere in Bennington.
> THE COURT: You agree with those facts?
> [MR. DAVIS]: Yes, sir.

Vermont Superior Court
Filed 04/01/26
Bennington Unit

THE COURT:  To that charge, what plea do you wish to enter?
[MR. DAVIS]:  Guilty.

*Pet.'s Ex. 1* at 17–18.

At sentencing, Mr. Davis received a sentence based in part on Count I as written in the *State's Information and Charging Affidavit* (Oct. 2, 2020).  There, the first charge read:  "Cody Davis, in the County of Bennington, at Bennington on or about October 1, 2020, being subject to release conditions issued under 13 V.S.A. § 7554, violated condition #14, in violation of 13 V.S.A. § 7559(e)."  *Pet.'s Ex. 3* at 1.  Condition 14 was "You must not have contact . . . with Stacey Brandmeyer & CB[.]"  *Id.* at 3.  The court imposed an overall sentence of six months to seven years to serve.  The sentence covered all of the dockets in which Mr. Davis had entered a plea.  The sentencing court, as it broke down the original sentence, stated:  "VCR Count I in docket number 20-CR-1951 will be zero to six months to serve concurrent [with the other VCR sentences]."  *Pet.'s Ex. 5* at 21.

The sentencing court then discussed its reasoning for the sentences.  The discussion on sentencing day was confined to the plea agreement as written, not the plea as stated in court nearly two months earlier.  Based on the plea agreement as written, the sentencing court considered Mr. Davis had committed fifteen violations of various conditions, and a sixteenth attempted violation.  The sentencing court emphasized that almost all of the violations Mr. Davis pled to were for violating Condition 14; the impact of contact for a person with a no-contact condition; the sentencing court did not discuss the curfew violations in detail.  *Id.* at 22.

Included in the plea agreement and sentencing were twelve charges in Docket 21-CR-05755 based on the *State's Information and Charging Affidavit* (July 14, 2021) filed in that docket.  The violations in this docket were based on phone calls made in violation of Condition 14.  The *Charging Affidavit* identified the date, time, and duration of eleven phone calls Mr. Davis made from Southern State Correctional Facility on June 4 and 6 of 2021 to Stacey Brandmeyer's cell phone number.  Two of the calls identified on June 4 overlapped for four minutes; two other calls had only five minutes elapse between them, while two others had only four minutes elapse between them, and two others had only two minutes elapse between them.  The two calls identified on June 6 had only 2 minutes elapse between them, and the second call lasted only twenty-four seconds.  The State's affidavit also indicated Ms. Brandmeyer answered all of these calls to her cell phone, except for one where her child answered the phone and Ms. Brandmeyer "got on the phone a short time later."  *Pet.'s Ex. 4*, at 6.

**Standard**

Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Rule 56(c)(1), shows that the record has been developed sufficiently, there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law.  V.R.C.P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994).  The court derives undisputed facts from the parties' statements of fact and supporting documents.  *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413.  In assessing a motion for

summary judgment, the court views all facts and indulges all inferences in favor of the non-moving party. *Price v. Leland*, 149 Vt. 518, 521 (1988).

## Violation of Vermont Rule of Criminal Procedure 11

Mr. Davis has filed this motion arguing that he never pled to a violation of Condition 14 in Docket 20-CR-01951. He argues his sentencing, where the sentencing court gave great weight to the violations of Condition 14, was a violation of Vermont Rule of Criminal Procedure 11(c) and 11(f).

Sentencing on a plea may not be entered without factual basis for that plea. The criminal court's record must "affirmatively show sufficient facts to satisfy each element of an offense." *In re Stocks*, 2014 VT 27, ¶ 21 (quoting *In re Miller*, 2009 VT 36, ¶ 11). Vermont Rule of Criminal Procedure 11(f) requires that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." V.R.Cr.P. 11(f). The effect of Rule 11(f) is to ensure a court does not impose a sentence based upon a plea without "a factual basis for the plea" on the specific elements. V.R.Cr.P. 11(f). A defendant's guilty plea is not voluntary unless he admits on the record to facts supporting each element of the offense. See *In re Bridger*, 2017 VT 79, ¶¶ 22-24, 205 Vt. 380.

Mr. Davis was charged with a violation of the conditions of release. These charges are fact specific. In order for a violation to be found, the State has to prove that (1) a particular defendant (2) was under court ordered conditions (3) at the time of violation, (4) what those conditions were, and (5) the defendant knowingly violated those conditions. See 13 V.S.A. § 7554; 13 V.S.A. § 7559(a)–(b). One act violating one particular condition may not have the same factual basis as the violation of a different condition.

Here, the statement on the record shows Mr. Davis pled guilty to a violation of Condition 11, affirming he was not in his house during a curfew. The record also shows the court sentenced him two months later, based on that plea, for a violation of Condition 14, where the court stated Mr. Davis had some form of contact with someone he was required not to contact. The court took the actions that would have formed the basis of violating Condition 14 in this docket into account at sentencing. However, Mr. Davis did not admit to the specific factual basis of violating Condition 14 in that docket, and therefore, the court's sentence violated Rule 11(f).

## Double Jeopardy

Mr. Davis also argues the charges in Docket 21-CR-05755 represented multiple charges for each act he engaged in: having conversations which had been broken up by the call limitations of the jail telephone. As Mr. Davis experienced the situation, he was charged twelve times for five or six conversations. Mr. Davis argues at least half of the charges were trying to charge the same conversation twice and constitute double jeopardy.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits the State from prosecuting a defendant twice for the same offense. See *In re Parks*,

2008 VT 65, ¶ 16, 184 Vt. 110.  A single criminal act cannot be divided into multiple counts of the same offense.  See *State v. Abel*, 2019 VT 22, ¶ 10, 210 Vt. 1.  A reviewing court must make a fact dependent analysis whether the State's charges represent multiple charges for one act, or whether the charges represent separate acts.  *Id.* ¶ 11.

Mr. Davis was charged under 13 V.S.A. § 7559(e) (1987).[1]  This statute read in relevant part: "The State's Attorney may commence a prosecution for criminal contempt under Rule 42 of the Vermont Rules of Criminal Procedure against a person who violates a condition of release imposed under section 7554 of this title."  13 V.S.A. § 7559(e) (1987).  The condition the State alleged Mr. Davis had violated was Condition 14, "you must not have contact with Stacey Brandmeyer and CB in person, in writing, by telephone, by email, or through a 3rd party regardless of whether you are in jail or release."  *Pet.'s Ex. 4* at 5.  A phone call is considered a form of contact under these conditions, and therefore each contact with a phone call is considered an act that could be charged under the statute.  Equally, the condition prohibits contact with two different people, making contact per person chargeable.  Condition 14 determines contact based on the mode of contact, phone calls, not the form of contact, such as an on-going conversation.

There are indications in the record that the State's charges were not factually specific to the degree required.  For example, the State's *Information* in Docket 21-CR-05755 only mentioned the person with whom Mr. Davis was prohibited from having contact, without including other information that would have reflected the facts supporting each charge, such as the time of contact and manner of contact.  *Pet.'s Ex. 4* at 1–3.  While the *Information* and the attached *Affidavits* are to be read as one document, *State v. Brown*, 153 Vt. 263, 272 (1989), saving a statement of the factual basis of the charges for later pages without the clear organization of the *Information* could have led to the conclusion that the State double-charged certain conduct on the face of the indictment.

However, given that each telephone call to each prohibited person counted as a violation of Condition 14, the court finds the *Affidavit* does support the *Information*, even if, at this point Mr. Davis, Mr. Davis' defense attorney, the criminal court on determining probable cause, the criminal court on taking Mr. Davis' plea, the criminal court on sentencing, Mr. Davis' counsel in this post-conviction matter, and this court have all had to review the State's charges with a fine tooth comb to determine how they are supported.  On review of the *Statement of Undisputed Material Facts*, and the *State's Information and Charging Affidavit* (July 14, 2021), the State charged each phone conversation with each person Mr. Davis was prohibited from contacting.  Each telephone call was a separate act under these conditions, and each act applied separately based on the person Mr. Davis contacted.  Therefore, the State did charge separate acts individually rather than creating multiple charges for singular acts.  The charges on their face did not give rise to a double jeopardy claim.

---

[1]  This statute subdivision was repealed in 2024, when most of the language in subdivision (e) was moved to subdivisions (a) and (b) as the Legislature reorganized the statute.  See 2023, No. 138 (Adj. Sess.), § 5 (eff. May 30, 2024).

## Relief

Under the summary judgment rules which apply to this case, "[i]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." V.R.C.P. 56(g). Mr. Davis has asked for relief in the form of vacating his sentence. There are also two pending claims on which relief could be granted, but for which the record has not been fully developed. Given the number of dockets these claims touch on, and the interconnection between the dockets created by Mr. Davis' sentence, the court reserves ruling on the appropriate relief until all of the claims have been litigated.

For the purposes of the ongoing litigation, it is deemed undisputed in the case that: (1) Mr. Davis did not plead to violating Condition 14 in Docket 20-CR-1951. (2) The sentencing court violated Rule 11(f) when it sentenced Mr. Davis in Docket 20-CR-1951 on a violation of a release condition he did not plead to.

## Order

Petitioner's Motion 4 is granted as to Count 1, violations of V.R.Cr.P. 11 in Docket 20-CR-01951.

Petitioner's Motion 4 is denied as to Count 2, double jeopardy of charges in Docket 21-CR-05755.

The court reserves its ruling on the relief requested until the remaining issues of Petitioner's claim have been adjudicated. This case will be set for a status conference.

**Signed electronically April 1, 2026 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**